IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MAURICE ALBERT JOHNSON, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. SAG-23-2962 |
| MAGISTRATE JUDGE CHARLES B. DAY, *
*et al.*, | |
| | * |
| Defendants. | |

\*\*\*

**<u>MEMORANDUM ORDER</u>**

On October 26, 2023, Maurice Albert Johnson filed the above-captioned 42 U.S.C. § 1983 civil action against Magistrate Judge Charles B. Day, Judge Peter J. Messitte, John Chamble, Mrs. Susan M. Bauer, Leah Jo Bressack, Beth M. Farber, Paul Kendall Nitze, J Sovich, Domeika Carina, Rod J. Rosenstein, Joshua R. Treem, and Lynne A. Battaglia. ECF No. 1. In the complaint, Johnson states that following his criminal conviction, he was sentenced to prison, where he was labeled as a snitch, raped, assaulted, pepper sprayed, placed in lock up for three years, denied immediate medical attention for a broken jaw, and, construed liberally, subjected to excessive force and unconstitutional conditions of confinement. *Id.* at 9-10. Johnson seeks declaratory and injunctive relief, as well as compensatory and punitive damages. *Id.* at 11-12.

Johnson also filed a motion for leave to proceed in forma pauperis. ECF No. 2. Because he appears indigent, the motion shall be granted. For the reasons that follow, however, the complaint must be dismissed.

Section 1983 provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009).

As a preliminary matter, Johnson's complaint is subject to dismissal because it fails to comply with the Federal Rules of Civil Procedure. Pursuant to Rule 8(a), the complaint must contain at a minimum a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief. *See* Fed. R. Civ. Proc. 8(a). Additionally, a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Here, other than naming the Defendants in the caption of the complaint, Johnson does not attribute any specific action or inaction on their part that resulted in a constitutional violation. *See Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018) (stating that under § 1983, a plaintiff must "affirmatively show[] that the official charged acted personally in the deprivation of the plaintiff's rights" to establish personal liability). Thus, the complaint is subject to dismissal. *See Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (stating that liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation).

Moreover, to the extent Johnson brings suit against Defendants Charles B. Day, Peter J. Messitte, and Lynne A. Battaglia for decisions made in their capacity as federal and state judges, his claims are prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting

avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id.* at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly). Because Johnson provides no grounds to defeat the judicial immunity that applies to the Defendant judges' determinations in his state and federal cases, the claims against Judges Day, Messitte, and Battaglia cannot proceed.

Likewise, prosecutors are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997). Absolute immunity is designed to protect judicial process. Thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23). Prosecutors act as advocates when they present evidence and advance arguments at trial. *Imbler*, 424 U.S. at 431. To the extent Johnson brings suit against prosecutors Leah Jo Bressack,

Paul Kendall Nitze, and Rod J. Rosenstein based on their actions and arguments during Johnson's criminal trial, these three Defendants enjoy absolute immunity. *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996).

Johnson also names as Defendants Federal Public Defenders John Chamble, Mrs. Susan M. Bauer, and Beth M. Farber, and defense attorney Joshua R. Treem. As noted above, in order to state a claim under § 1983, two elements are essential: (1) that plaintiff suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An attorney, whether retained, court-appointed, or a public defender, ordinarily does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. Therefore, Chamble, Bauer, Farber, and Treem are not amenable to suit under § 1983, and Johnson's claims against them must be dismissed. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn.8-16 (1981) (public defender). *See also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.").

If Johnson's intent was to bring a civil action alleging that he was subjected to cruel and unusual punishment, in violation of the Eighth Amendment, while he was incarcerated, he may file a separate complaint naming the appropriate defendants.

Accordingly, it is this 6th day of November, 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Johnson's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) is GRANTED;

2. The Complaint is DISMISSED;

3. The Clerk shall PROVIDE a copy of this Order to Johnson; and

4. The Clerk shall CLOSE this case.

_____/s/_____
Stephanie A. Gallagher
United States District Judge